*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-CO-674

ERWIN DUBOSE, JR., APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2015 CF2 008219)

(Hon. Juliet J. McKenna, Trial Judge)

(Submitted April 4, 2019                    Decided August 8, 2019)

*Jenifer Wicks* was on the brief for appellant Erwin Dubose, Jr.

*Jessie K. Liu*, United States Attorney, and *Elizabeth Trosman, T. Anthony Quinn*, and *Chrisellen R. Kolb*, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER, BECKWITH, and MCLEESE, *Associate Judges*.

FISHER, *Associate Judge*: A jury convicted appellant Erwin Dubose, Jr., of possession with intent to distribute cocaine while armed, possession of a firearm during a crime of violence or dangerous offense ("PFCV"), carrying a pistol without a license ("CPWL"), possession of an unregistered firearm ("UF"), unlawful possession of ammunition ("UA"), and possession of a large capacity

ammunition feeding device. We affirmed his convictions on direct appeal. *See Dubose v. United States*, No. 16-CF-610, Mem. Op. & J. (D.C. Sept. 12, 2017). The trial court subsequently denied relief under D.C. Code § 23-110 (2012 Repl.), and this appeal followed. We affirm.

## I. Background

On June 16, 2015, Metropolitan Police Department ("MPD") Officers Van Hook and McGinnis responded to a radio call for a black male wearing jeans, a white tank top, and a colorful hat, carrying a gun in front of 830 Crittenden Street, N.W. The officers saw a man matching the description at the intersection of 8th and Crittenden Streets. Officer Van Hook stopped the police vehicle and asked to talk to the man, and the man took off running. Officers Heffelman and Fitzgerald arrived at the scene and Officers Van Hook and McGinnis eventually brought appellant to the ground.

Appellant told the officers, "I'm going to tell you, I'm going to tell you, it's in my waist, it's in my waist." An officer felt a hard object in appellant's waistband which he recognized to be a gun. A pat down and search of appellant

revealed a pistol loaded with fourteen cartridges in an extended magazine, 12.2 grams of crack cocaine, and $1,339 in cash.

At trial, appellant testified that he had purchased the drugs the day before to cope with his sister's death and the money was from odd jobs and his family. He asserted that while he was on the way to a friend's house, he stopped to urinate in an alley, found the gun lying on the ground, and was walking to the police station to turn it in for a reward. Appellant stated that he ran when police approached because he was "confused and scared, didn't know what to do."

This court affirmed his convictions on direct appeal, rejecting arguments that the trial court erred in denying his motion to suppress evidence and in refusing to instruct the jury on the defense of temporary innocent possession of the firearm and ammunition. *See* Mem. Op. & J. at 1, 5. On October 1, 2017, appellant moved to vacate his convictions for CPWL, UF, and UA, claiming that he had been denied the effective assistance of counsel and that those convictions violated

the Second Amendment.[1]  Judge McKenna denied appellant's motion in an order issued on June 15, 2018.

## II. Ineffective Assistance of Counsel Claim

Appellant argued that his trial counsel was ineffective "because he failed to move to dismiss the gun charges pursuant to the Second Amendment of the United States Constitution."  The trial court denied appellant's § 23-110 motion, finding that "a motion to dismiss these charges would have been fruitless."

We review the trial judge's legal conclusions de novo and "accept the judge's factual findings unless they lack evidentiary support."  *Bost v. United States*, 178 A.3d 1156, 1210 (D.C. 2018).  In order to obtain relief based on ineffective assistance of counsel, "appellant must demonstrate both that his counsel's performance was constitutionally deficient, and that the deficient performance prejudiced his defense."  *Id.* (alteration omitted) (quoting *Otts v. United States*, 952 A.2d 156, 164 (D.C. 2008)); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "To establish prejudice, appellant must show that there is a

---

[1]  Appellant does not challenge his convictions for possession of cocaine with intent to distribute while armed, PFCV, and possession of a large capacity ammunition feeding device.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bost*, 178 A.3d at 1210 (internal quotation marks omitted).

"'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Turner v. United States*, 166 A.3d 949, 953 (D.C. 2017) (quoting *Strickland*, 466 U.S. at 689). The proper measure of attorney performance is "reasonableness under prevailing professional norms." *Cosio v. United States*, 927 A.2d 1106, 1123 (D.C. 2007) (en banc) (quoting *Strickland*, 466 U.S. at 688). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Strickland*, 466 U.S. at 689. Therefore, "we must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct.*'" *Otts*, 952 A.2d at 164 (emphasis in *Otts*) (quoting *Strickland*, 466 U.S. at 690).

At the time appellant was arrested, District law required a person applying for a license to carry a pistol to show "good reason" for needing to carry a firearm. *See* D.C. Code § 22-4506(a) (effective June 16, 2015) (2016 Supp.) (limiting

licenses to those who can show "good reason to fear injury" or "any other proper reason for carrying a pistol"). Appellant appears to argue that his trial counsel should have asserted that this requirement was invalid, as the District of Columbia Circuit later held in *Wrenn*. The D.C. Circuit concluded that "the individual right to carry common firearms beyond the home for self-defense . . . falls within the core of the Second Amendment's protections" and remanded for the district court to enjoin enforcement of the District's "good reason" law. *Wrenn v. District of Columbia*, 864 F.3d 650, 661, 668 (D.C. Cir. 2017). What appellant fails to acknowledge is that *Wrenn* was decided one year *after* his jury trial and sentencing. Moreover, "[t]his court has consistently held, contrary to *Wrenn*, that there is no Second Amendment right to carry a concealed firearm in public." *Hooks v. United States*, 191 A.3d 1141, 1144 n.3 (D.C. 2018) (citing *Gamble v. United States*, 30 A.3d 161, 169 (D.C. 2011)); *Mack v. United States*, 6 A.3d 1224, 1236 (D.C. 2010)).

In any event, "failure to anticipate a change in the law is not ineffective assistance of counsel." *Stratmon v. United States*, 631 A.2d 1177, 1185 (D.C. 1993). Given this court's prior rulings on Second Amendment issues, and the obligation of the Superior Court to follow those precedents, appellant cannot establish that his counsel's performance was deficient. Moreover, for the reasons

we explain below, appellant cannot establish that he was prejudiced by his counsel's failure to anticipate the D.C. Circuit's holding in *Wrenn*.

### III.   Second Amendment Claim

Even if appellant had raised a Second Amendment challenge to the CPWL, UF, and UA counts at or before trial, that challenge would have failed for various sound reasons.[2]

### A. The UF and UA Convictions

---

[2] Appellant did not raise his Second Amendment claim at trial or on direct appeal. *Wrenn* was decided in July 2017, but this court did not issue its Memorandum Opinion and Judgment in appellant's direct appeal until September 2017. Appellant did not seek leave to file a supplemental brief. "Section 23-110 is not a substitute for a direct appeal. Thus, where a defendant has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack unless he shows both cause for his failure to do so and prejudice as a result of his failure." *Wu v. United States*, 798 A.2d 1083, 1089 (D.C. 2002) (alteration, internal citations, and internal quotation marks omitted). However, the government did not raise a claim of procedural default in the § 23-110 proceedings. Moreover, the government states that we need not decide in this appeal whether appellant has procedurally defaulted his free-standing Second Amendment claim because "the Court must examine the Second Amendment claim to resolve the ineffectiveness claim."

"[N]o person . . . in the District shall possess or control any firearm, unless the person . . . holds a valid registration certificate for the firearm." D.C. Code § 7-2502.01(a) (2015 Supp.). Furthermore, no person shall possess ammunition in the District unless he has a valid registration certificate for a firearm. D.C. Code § 7-2506.01(a)(3) (2015 Supp.). Appellant stipulated at trial that he did not hold such a registration certificate, and the jury found him guilty of possessing the firearm and ammunition.

Appellant now asserts that these convictions violate the Second Amendment, but he cites no controlling authority for that proposition. Although *Wrenn* invalidated the "good reason" provision of the licensing statutes, it did not disturb the separate requirement to register a firearm. *Wrenn*, 864 F.3d at 666-68 (summarizing holding). "[B]asic registration of handguns is deeply enough rooted in our history to support the presumption that a registration requirement is constitutional." *Heller v. District of Columbia*, 670 F.3d 1244, 1253 (D.C. Cir. 2011). We have held that certain qualifications for firearms registration "are compatible with the core interest protected by the Second Amendment." *Lowery v. United States*, 3 A.3d 1169, 1176 (D.C. 2010).

Registration remains a prerequisite for lawfully possessing a firearm or ammunition in the District of Columbia. Nothing in *Wrenn* or Supreme Court precedent has invalidated the provisions cited above requiring registration of a firearm. Therefore, appellant's UF and UA convictions stand.

**B. The CPWL Conviction**

Appellant also argues that the CPWL statute is invalid both facially and as applied to him.[3] A facial challenge "amounts to an argument that no application of the CPWL statute could be constitutional." *Brown v. United States*, 979 A.2d 630, 639 (D.C. 2009) (internal quotation marks omitted). "An 'as-applied' challenge requires that the application of the statute, by its own terms, infringe constitutional freedoms in the circumstances of the particular case." *Lowery*, 3 A.3d at 1175 (alterations and internal quotation marks omitted). In other words, "an as-applied challenge is 'a claim that a statute is unconstitutional on the facts of a particular case or in its application to a particular party.'" *Id.* (quoting BLACK'S LAW DICTIONARY 261 (9th ed. 2009)).

---

[3] Appellant's brief to this court is less than clear as to whether he is raising an as-applied challenge, but the trial judge's order from which he appeals addressed and rejected an as-applied claim as well as a facial challenge. The government has briefed the appeal as if appellant were still pursuing an as-applied challenge, and appellant did not file a reply brief disclaiming such an argument.

As discussed above, this court continues to recognize after *Wrenn* that "there is no Second Amendment right to carry a concealed firearm in public." *Hooks*, 191 A.3d at 1144 n.3 (internal quotation marks omitted). "We are not bound by *Wrenn*, 'and the fact that a constitutional issue is presented here does not compel us to give greater weight to the circuit court's opinion.'" *Id.* at 1144 n.3 (alteration omitted) (quoting *United States v. Simmons*, 302 A.2d 728, 732 (D.C. 1973)).

In order to carry a pistol lawfully outside the home, a person must have a license to do so. D.C. Code § 22-4504(a) (2016 Supp.) ("No person shall carry within the District of Columbia either openly or concealed on or about their person a pistol, without a license . . . ."). That prohibition was in effect at the time of appellant's arrest. Moreover, as we explained in *Hooks*, *Wrenn* did not invalidate the statute which prohibits carrying a pistol without a license.

However, at the time appellant was arrested, the statute which dealt with the issuance of licenses contained the "good reason" provision later invalidated in *Wrenn*. Appellant's primary argument therefore seems to be that, because he could not satisfy the "good reason" requirement, no valid statute prohibited him from

carrying a pistol without a license. This assertion is based on a misreading of *Wrenn*.

*Wrenn* did not invalidate the statutory scheme which required a person to obtain a license to carry a pistol outside the home. Severing the "good reason" provision in light of *Wrenn*, D.C. Code § 22-4506 remains operative and reads: "The Chief of the Metropolitan Police Department . . . may, upon the application of a person having a bona fide residence or place of business within the District of Columbia, . . . issue a license to such person to carry a pistol concealed upon his or her person, if . . . he or she is a suitable person to be so licensed." *Hooks*, 191 A.3d at 1146. This court has repeatedly affirmed the facial constitutionality of the District's licensing requirements. *See, e.g.*, *Brown*, 979 A.2d at 639-40 (explaining that the CPWL statute is not invalid on its face).

Nor has appellant demonstrated that the CPWL statute is unconstitutional as applied to him. Even after *Wrenn*, registering a pistol remains a prerequisite for obtaining a license to carry that pistol in the District of Columbia. *See* D.C. Code § 7-2509.02(a)(2) (2015 Supp.). Appellant stipulated at trial that he had not registered the firearm. (In fact, he unconvincingly disavowed ownership of the

pistol and testified that he found it in an alley and was going to turn it in to the police for a reward.)

Appellant thus has not established that the "good reason" requirement in effect at the time of his arrest unconstitutionally precluded him from obtaining a license to carry a pistol. In order for the "good reason" requirement to have that impact, appellant would have to be otherwise qualified to receive a license. As noted, he had not in fact registered the pistol. We therefore agree with the trial court's conclusion that appellant's "failure to register his weapon is fatal" to any as-applied Second Amendment challenge to his CPWL conviction. Furthermore, to be a "suitable person" qualified for a concealed-carry license, the applicant must meet all of the requirements for registering a firearm. *See* 24 DCMR § 2335.1 (2015) ("A person is suitable to obtain a concealed carry license if he or she [m]eets all of the requirements for a person registering a firearm . . . ; [h]as completed a firearms training course . . . ; [and] [h]as not exhibited a propensity for violence . . . ." (among other conditions); *see also* D.C. Code §§ 22-4506 (2016 Supp.), 7-2502.03 (2015 Supp.).[4] Appellant has not demonstrated that he was a "suitable person" at the time of his arrest.

---

[4] The qualifications for registration of a firearm include, among other things, never having been convicted of a felony, not having been convicted within

(continued…)

## IV. Conclusion

Appellant has not established ineffective assistance of counsel. Moreover, his Second Amendment claim is without merit. For the reasons discussed, the judgment of the Superior Court is

*Affirmed.*

---

(…continued)
five years prior to the application for registration of "any law restricting the use, possession, or sale of any narcotic," and completing a firearms training course. D.C. Code § 7-2502.03(a)(2), (a)(4)(A), (a)(13)(A)-(B) (2015 Supp.).